UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00293-MOC-DLH

| | | |
|---|---|---|
| **TIMOTHY WAYNE RANKIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ED GRAYBEL,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit.

## FINDINGS and CONCLUSIONS

**I.    Application to Proceed In Forma Pauperis**

The court has carefully considered plaintiff's affidavit which shows in excess of $36,000.00. Review of the Health and Human Services Poverty Guidelines provides that for a household of two persons such income is well above the poverty level. See http://www.aspe.hhs.gov/poverty. Further, close review of the affidavit reveals that plaintiff has income in excess of his monthly expenses and that he has the means to pay the filing fee as well as the costs of service. His application will be denied.

**II.   Section 1915 Review**

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief against a defendant who is immune from suit. Id.[1] A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994). Review of the pleading in this matter reveals that plaintiff, a resident of Avery County, which is within the Western District of North Carolina, is attempting to sue a Tennessee judge, prosecutor, sheriff, social services worker, all of whom appear to be residents of Johnson City, Tennessee. While he has checked off the box for a civil conspiracy in violation of his civil rights, plaintiff's claim appears to be under 42, United States Code, Section 1983, as plaintiff claims that

> The court refuses to correct itself, and has violated my rights for so long. I feel if I don't do something I will never have my life back. I have always tried to do my best for my kids.

Complaint (#1) at 6. Read together, it appears that plaintiff's Complaint concerns actions taken against him in the courts of the State of Tennessee in regards to child support payments.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces

---

[1] Plaintiff is advised that a "frivolousness" determination does not necessarily mean that a plaintiff's concerns are frivolous. Here, it means that the Complaint on its face fails to state a cause of action which this court has the jurisdiction to resolve.

not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

In conducting the frivolousness analysis, the Court of Appeals for the Fourth Circuit instructs that courts should "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 257 (4th Cir.2004). The Nagy court held further that

> [t]he overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

Id.

Here, the court finds that plaintiff has failed to state a claim which is cognizable in the Western District of North Carolina as it involves actions and actors all in the State of Tennessee. In contending that this court has jurisdiction over his claim and that this is an appropriate venue to hear such claim, plaintiff has asserted federal question jurisdiction under Section 1983 and/or Section 1985. From the face of the Complaint, which reveals that plaintiff resides in this district and that all the defendants reside in the Eastern District of Tennessee, this court lacks jurisdiction over the government-official defendants residing in Tennessee for acts allegedly committed in the Eastern District of Tennessee. This means that even if this court were to allow the matter to proceed in this court, it would be subject to dismissal for lack of personal jurisdiction of transfer.

As the filing fee has yet to be paid, the court has also considered whether to require plaintiff to pay his filing fee in this district and then transfer the matter to Tennessee. The court

declines to do so as jurisdiction is a threshold matter and this court is without jurisdiction to make further frivolousness determinations which the court in Tennessee may well conduct if this matter is filed in that district. Further, close review of the Complaint reveals no allegations as to dates of the allege adverse state actions. Thus, with no ability to discern that any statute of limitations dates are in immediate jeopardy, the court will dismiss this action without prejudice and instruct plaintiff to file his Complaint with the Eastern District of Tennessee.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Proceed *In Forma Pauperis* (#5) is **DENIED**. This action is **DISMISSED without prejudice** as frivolous under § 1915(e)(2)(B) and for failure to state a claim under § 1915(e)(2)(B)(ii) which can be adjudicated in this court as the court lacks personal jurisdiction over this action.

**IT IS FURTHER ORDERED IN ACCORDANCE WITH 28 U.S.C. § 1951(d)**, and the Clerk of this court is respectfully instructed to issue process and to provide such process along with sufficient service copies of the Complaint, as well as copies of this Order, to the United States Marshal and that the United States Marshal is respectfully instructed to serve a copy of the Complaint, Summons, and this Order upon the defendant in accordance with Rule 4(i)(1), Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States.

Signed: January 7, 2014

Max O. Cogburn Jr.
United States District Judge